**Claudious W. CHANNER, Plaintiff,**

v.

**Keith HALL, et al., Defendants.**

**No. 3:94CV2203 (RNC).**

United States District Court,
D. Connecticut.

Dec. 22, 1995.

Claudious W. Channer, Suffield, CT, pro se.

Carl E. Perry, U.S. Attorney's Office, Lafayette, LA, for Keith E. Hall.

Madeline Ann Melchionne, Attorney General's Office, Public Safety & Special Revenue, Hartford, CT, for Betty Carson.

David J. Sheldon, U.S. Attorney's Office, New Haven, CT, for Janet Reno.

## ENDORSEMENT RULING ON PENDING MOTIONS

CHATIGNY, District Judge.

This matter is before the court on defendant Betty Carson's motion to dismiss [doc. # 27]; plaintiff's motion for summary judgment [doc. # 29]; defendant Carson's motion for extension of time [doc. # 30]; plaintiff's motion for leave to amend his complaint to assert a § 1983 excessive force claim against ATF Agent James Markowski and others [doc. # 33]; and plaintiff's motion to withdraw the complaint against defendant Keith E. Hall [doc. # 36].

Plaintiff is an inmate at the MacDougall Correctional Institution in Suffield, Connecticut. He commenced this action in the Western District of Louisiana on January 20, 1994, while incarcerated at the Federal Correctional Center in Oakdale, Louisiana. In his *pro se* complaint, plaintiff challenged a Connecticut detainer that had been lodged against him in Louisiana and sought to prevent his extradition to Connecticut.

On March 15, 1994, District Judge Trimble of the Western District of Louisiana dismissed the complaint with leave to amend. On March 18, 1994, plaintiff filed a "Motion Seeking Leave to Amend" and an "Attachment to Petitioner Amendment," which listed the Immigration and Naturalization Service ("INS") as a defendant in the caption of the case. Those papers alleged that plaintiff had been released from the custody of the Bureau of Prisons to the custody of the INS and sought plaintiff's immediate release from INS custody.

After filing the motion to amend and its attachment, plaintiff filed additional papers adding numerous new defendants, changing the subject matter of the action and changing the nature of the relief sought. In those papers, plaintiff alleged that he had been denied credit for time served in state custody in Connecticut and sought money damages against the defendants for failing to give him the right amount of jail credit in a timely manner. The new defendants included defendant Betty Carson, a records specialist for the Connecticut Department of Correction, who was involved in calculating and applying plaintiff's jail credits.

On December 19, 1994, District Judge Trimble entered an order transferring part of the case to this District. Noting that plaintiff had been transferred to the custody of the State of Connecticut, Judge Trimble ordered that "the habeas corpus issues in this action" be severed and transferred here. Judge Trimble retained jurisdiction over plaintiff's "civil rights claims."

On August 9, 1995, this court ordered the federal defendants to show cause why the relief sought in the petition should not be granted. The United States Attorney filed a response on September 22, 1995 [doc. # 35]. Attached to the response are the following court orders, which bear directly on the motions pending here: an order by Judge Trimble dismissing plaintiff's civil rights claims in this case, *Channer v. Hall*, No. 94–0127 (W.D.La. Sept. 12, 1995); an order by Judge Covello dismissing plaintiff's amended petition for a writ of habeas corpus in *Channer v. U.S. Attorney General*, No. 3:94CV1349 (D.Conn. Aug. 4, 1995), which challenged the execution of the Connecticut detainer that had been lodged against plaintiff with the Bureau of Prisons and an INS detainer that has been lodged against him in Connecticut; and an order by Judge Dorsey granting motions for summary judgment filed by the defendants in *Channer v. Markowski*, No. 2:92CV00017 (D.Conn. Sept. 14, 1992), *appeal dismissed*, 992 F.2d 320 (2d Cir.1993), a § 1983 excessive force case involving the same incident that is the subject of plaintiff's motion for leave to amend.

With this background in mind, the appropriate disposition of the pending motions is clear. Plaintiff's claim for money damages against defendant Carson (and the other defendants) based on the defendants' alleged failure to give him jail credit in a timely manner was not transferred by Judge Trimble. Only "habeas corpus issues" were transferred. In transferring any and all such issues, Judge Trimble appears to have acted on the basis of plaintiff's filings of March 18, 1994, entitled "Motion Seeking Leave To Amend" and "Attachment to Petitioner Amendment," which sought plaintiff's immediate release from INS custody. Since

278

those papers were filed, the INS has released plaintiff into the custody of the State of Connecticut and has lodged a detainer against him in Connecticut. If and to the extent any of plaintiff's papers in this case can be construed as an attempt to challenge the INS detainer, plaintiff is not entitled to habeas relief for the reasons stated by Judge Covello in dismissing the amended petition in *Channer v. U.S. Attorney General.* No other habeas issues are even arguably presented.[1]

Consistent with the foregoing, defendant Carson's motion to dismiss is granted, plaintiff's motion for summary judgment against defendant Carson is denied and defendant Carson's motion for an extension of time is denied as moot. Plaintiff's motion to amend, which seeks to relitigate the § 1983 excessive force claims that were dismissed in *Channer v. Markowski,* is denied. And plaintiff's motion to withdraw the complaint against defendant Hall is denied as moot.

The Clerk is ordered to close the file.

So ordered.

---

1. Plaintiff's claim for money damages against defendant Carson in her capacity as an employee of the Connecticut Department of Correction does not purport to state a claim for habeas relief against the State of Connecticut. Any such claim would be subject to dismissal in any event because there is no allegation that plaintiff has exhausted his state remedies.